Michael R. Totaro          102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
(310) 573-0276 (v)
(310) 496-1260 (f)

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:07-bk-10135-PC |
| Jeffrey L. Rowlette, | Chapter 7 |
| Debtor. | NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC. TO SHOW CAUSE RE CONTEMPT OF COURT FOR VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION UNDER 11 U.S.C. §§ 362(B)(6) & 524(A)(2); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL R. TOTARO, JEFFREY ROWLETTE, PATRICIA MONTGOMERY AND SUPPORTING EXHIBITS |
| | Date:    To Be Assigned |
| | Time: |
| | Judge:   Peter H. Carroll |
| | Ctrm:    304 |

TO THE HONORABLE JUDGE PETER H. CARROLL, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, RESPONDENTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC. AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Debtor Jeffrey L. Rowlette ("Debtor") hereby moves this Court for an order requiring Midland Credit Management, Inc., and Midland Funding, LLC

1   ("Midland") to appear in Courtroom ___ of the above entitled court located at 3420 Twelfth St.,

2   Riverside, CA 92501 on a date set by this Court to show cause why each of them should not be

3   held in contempt of Court for violating 11 U.S.C. § 524(a)(2) and for sanctions.

4          This motion is based on the Notice and Motion, the Memorandum of Points and

5   Authorities, the declarations attached hereto and the exhibits and documents and records on file

6   herein.

7   Dated: August 31, 2009                          Totaro & Shanahan

8

9                                                   By
                                                        Michael R. Totaro
10                                                      Attorneys for Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   ("Midland") to appear in Courtroom ____ of the above entitled court located at 3420 Twelfth St.,

2   Riverside, CA 92501 on a date set by this Court to show cause why each of them should not be

3   held in contempt of Court for violating 11 U.S.C. § 524(a)(2) and for sanctions.

4        This motion is based on the Notice and Motion, the Memorandum of Points and

5   Authorities, the declarations attached hereto and the exhibits and documents and records on file

6   herein.

7   Dated: August ___, 2009              Totaro & Shanahan

8

9                            By

10                               Michael R. Totaro
                               Attorneys for Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

# IN SUPPORT OF MOTION

# STATEMENT OF FACTS

This case was a simple no asset Chapter 7 proceeding. It was filed on January 9, 2009 and discharged on April 20, 2007. Respondent Midland Credit Management, Inc., Midland Funding, LLC., and Lee Miller ("Midland") was listed on the mailing list as the assignee of an account of Debtor originally held by First North American National. According to the Certificate of Service from the Court dated January 12, 2007, creditors, including Midland, were notified of the automatic stay in effect and of the effect of a discharge. Midland was served at the address in San Diego, California which was listed on Debtor's Credit Report.

On April 22, 2007, the Court sent a copy of the Discharge Notice along with an "Explanation of Bankruptcy Discharge in a Chapter 7 Case" to all creditors, including Midland at the same address. The case was then closed on April 24, 2007.

In spite of this actual knowledge of the Chapter 7 filing and the subsequent discharge, Creditor Midland, has barraged Debtor with several phone calls a week since the discharge and continued to send written statements demanding payment from Debtor on his debt to First North American National, which had been discharged in the bankruptcy. Even though Debtor specifically advised Midland of the bankruptcy Debtor was repeatedly told this did not matter and he still had to pay the debt. In the written demands, Debtor was advised that a negative credit report may be reported if he did not pay the claimed balance of $3,166.71. Debtor has received calls at home, at work, on his cell phone and his girl friend has been harassed when she answers the phone. All of these actions are in direct violation of the discharge injunction in effect in this case.

# ARGUMENT

I.   A MOTION IS THE PROPER PROCEDURE TO ASK THE COURT TO HOLD A CONTEMPT HEARING.

Local Bankruptcy Rule 9020-1 provides:

1   Unless otherwise ordered by the Court, contempt proceedings are
2   initiated by filing a motion . . . and a proposed order to show cause re
    contempt.

3   The rule is clear. This motion is the proper mechanism for invoking the
4   jurisdiction of this court regarding contempt proceedings.

5

II.   **DEBTOR HAS PRESENTED A PRIMA FACIE CASE OF**
6     **NUMEROUS STAY VIOLATIONS UNDER 11 U.S.C § 362()**
7     **(a)(6)AND DISCHARGE VIOLATIONS UNDER 11 U.S.C. §**
      **524(a)(2).**

8   At the very heart of this motion are two sections designed to protect debtors and
9   give them a financial fresh start. First, 11 U.S.C. § 362(a) provides that the filing of a
10  bankruptcy petition acts as an automatic stay precluding any acts by creditors to collect
11  on a debt. The stay is in effect during the pendency of the bankruptcy. The purpose of the
12  automatic stay is to give the debtor a breathing spell from his or her creditors and to
13  relieve the financial pressures that drove him or her to bankruptcy. *In re Watson*, 78 B.R.
14  232, 234 (9th Cir. BAP 1987). The automatic stay afforded a debtor in a bankruptcy
15  proceeding is "one of the fundamental debtor protections provided by the bankruptcy
16  laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503, 106 S.Ct.
17  755, 88 L.Ed.2d 859 (1986). The automatic stay is crucial to effecting the fresh-start
18  policy. *Id.* Specifically Section 362 (a)(6) precludes a creditor from "any act to collect,
19  assess, or recover a claim against the debtor that arose before the commencement of the
20  case under this title."

21  The second pertinent section is 11 U.S.C. § 524(a)(2) which applies after a case is
22  discharge. Once the bankruptcy case is closed and a discharge entered, the stay is no
23  longer in effect. Instead it becomes a permanent injunction, precluding creditors from
24  attempting to collect on debts discharged in the bankruptcy. Specifically 11 U.S.C. §
25  524(a)(2), pertains to the effects of a bankruptcy discharge and provides:

26  (a) A discharge in a case under this title—

27  * * *

28
4

1
2
3

(2) operates as an injunction against the commencement or continuation of an action, the employment for process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . .

4    Accordingly, this section makes it clear that a bankruptcy discharge is "an

5  injunction against the commencement or continuation of an action, the employment of

6  process, or an act, to collect, recover or offset any such debt as a personal liability of the

7  debtor, . . . " *In re Ellett*, 254 F.3d 1135, 1148 (9th Cir.2001), *cert. denied*, 534 U.S.

8  1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002). The Supreme Court clarified this noting,

9  the discharge "extinguishes" an action against the debtor as a means of enforcing a claim.

10  *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66

11  (1991).

12    One underlying principle of the Bankruptcy Code is the financial fresh start

13  provided to the debtor. The discharge injunction of 11 U.S.C. section 524 is necessary to

14  effectuate this principle. *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 182

15  (Bankr.E.D.Va. 2000). A discharge is the "legal embodiment of the idea of the fresh start,

16  it is the barrier that keeps the creditors of old from reaching the wages and other income

17  of the new." *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005). The United States

18  Supreme Court has written that a bankruptcy discharge "extinguishes" an action against

19  the debtor *in personam* as a means of enforcing a claim. *Johnson v. Home State Bank*,

20  501 U.S. at 84.

21    The discharge injunction prohibits all acts to "collect, recover or offset" a debt as a

22  personal liability of the debtor. 11 U.S.C. § 524(a)(2); see *In re Gurrola*, 328 B.R. 158,

23  170 (9th Cir. BAP 2005). *Gurrola* concluded that the creditor's violation of the discharge

24  injunction was subject to a contempt remedy under 11 U.S.C. § 105(a). *Id* at 171, citing

25  *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-07 (9th Cir.2002). The discharge

26  injunction is effective to the full extent of their statutory terms, regardless of notice. The

27

28

1    discharge and discharge injunction differ from the automatic stay in the sense that the

2    protection is limited to the personal liability of the debtor. *In re Gurrola*, 328 B.R. at 175.

3        *Renwick v. Bennett (In re Bennett)*, 288 F.3d 1059, 1069 (9th Cir. 2002) discussed

4    the standard for finding civil contempt:

5            The moving party has the burden of showing by clear and convincing
             evidence that the contemnors violated a specific and definite order of
6            the court. The burden then shifts to the contemnors to demonstrate
             why they were unable to comply.
7

8        Accordingly, a debtor seeking sanctions for contempt needs to prove first that the

9    creditor knew the discharge injunction was applicable and secondly that the creditor

10   intended the actions alleged to violate the injunction. *Id.* at 1069; see also *In re Zilog*, 450

11   F.3d 996, 1007 (9th Cir. 2006). As discussed by the Eleventh Circuit in Hardy, to justify

12   sanctions, the movant must prove that the creditor (1) knew the discharge injunction was

13   applicable and (2) intended the actions which violated the injunction. *See Hardy*, 97 F.3d

14   at 1390 (citing *Jove Eng'g, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir.

15   1996)). *Walls v. Wells Fargo Bank*, 276 F.3d 502, 507 (9th Cir. 2002).

16       The evidence presented in support off this motion for an OSC re contempt

17   establishes both violations of the automatic stay and the discharge injunction discussed

18   herein. Specifically, debtor has submitted evidence establishing the debt initially owed to

19   First North American National and assigned or purchased by Midland Credit

20   Management, Inc. and/or Midland Funding, LLC existed prior to the filing of debtor's

21   bankruptcy as it was listed on his Schedule F. Midland is listed as a creditor and

22   according to the records of this Court, was actually served with Notice of the filing and

23   meeting of creditors as well as Notice of the Discharge. The address listed on the petition

24   was the address the creditor provided to the credit reporting agencies thus this creditor

25   had actual notice, i.e., knowledge, of the bankruptcy filing and subsequent discharge.

26       In addition to evidence of Midland's requisite knowledge concerning the

27   bankruptcy, debtor has established evidence of numerous violations both under sections

28                                        6

1   362(a)(6) and 524(a)(2). In spite of the notice provided by the Court, Midland engaged in

2   repeated, persistent and harassing efforts to collect from debtor payment of a debt

3   included in the bankruptcy. These efforts continued during the pendency of the

4   bankruptcy and violated the automatic stay under 11 U.S.C. § 362(a).

5        Even after the debtor received his discharge of debts and Midland was provided

6   with notice by the court, Midland continued its collection process and pattern of

7   harassing calls to debtor and his family as well as letters, all designed to coerce debtor

8   into paying the particular debt which was discharged. A review of the declarations

9   supporting the case shows the extent of the violations and their impact on the debtor.

10  Debtor has met his burden of establishing prima faciae evidence in this matter and the

11  court should issue the requested OSC.

12  **III.    DEBTORS HAVE SUFFERED SEVERE EMOTIONAL
            DISTRESS OVER THE CONTINUAL HARASSING PHONE**
13  **        CALLS, CALLS TO WORK, CALLS TO HIS GIRLFRIEND
            AND CALLS ON HIS CELL PHONE.**
14

15       Debtor was advised that the filing of the bankruptcy petition stopped collectors

16  from contacting him for any reason. This fact, and the additional fact that no creditor

17  appeared at the 341 hearing gave him confidence he had been properly advised, that a

18  huge stress would be removed and he could get on with his life and make the fresh

19  financial start he so needed. In the instant case, as set forth in the attached declarations of

20  Michael R. Totaro, Jeffrey Rowlette, the original Creditor First North American

21  National's debt was taken over by Midland prior to filing his petition. Midland has

22  continually been told that Debtor was in bankruptcy proceedings. Not only were they first

23  notified of this bankruptcy proceeding by being specifically listed as a creditor on

24  Schedule F, but each collector that called Debtor at home or work for several weeks were

25  specifically given this information. Despite this, the calls continued throughout the day,

26  and even into the late evening and weekend. Midland called work, home, the debtor's

27  girlfriend, and anyone else they could find to disrupt Debtor's life. Further, as indicated

28  by the posting on the web, this is the pattern and practice of MCM, which is taking place

1 around the country as evidenced by the complaints listed on various websites concerning

2 the collection practices of Midland.

3   The situation has not changed since petitioner filed his petition. Midland simply

4 will not stop collection efforts even though it has been appraised of the bankruptcy.

5 Indeed, they seem to have little regard for the orders of the bankruptcy court since

6 employees continue to tell debtor the bankruptcy does not matter. To add insult to injury

7 Midland has continued to report a delinquency to the credit bureaus. Although Debtor has

8 not checked his credit each month, since the bankruptcy, the debt from Midland is still on

9 his credit. It is logical that this is a separate violation for each month since he filed in

10 2007.

11   This has gone on too long and debtor finally has to take action to attempt to obtain

12 the relief he had sought by filing the bankruptcy. Under the circumstances, it would not

13 be unreasonable for a court to order sanctions in the amount of $1000.00 for each of the

14 numerous violations of the discharge injunction. Here Debtor is asking for $500.00 for

15 each violation, for attorney fees, and an order requiring declarations to be filed showing

16 all negative information has been removed from Debtor's credit reports. In this case

17 Debtor will testify he has received between 2-5 calls per week since Debtor filed on

18 January 9, 2007. All of these violations took place after Midland was expressly told

19 Debtors were not merely going to file a Chapter 7 bankruptcy petition but were in fact

20 already in a Chapter 7 proceeding.

21        **CONCLUSION**

22   The violations in this case are clear and indefensible. The pattern and practice of

23 Midland in harassing debtor must be stopped. Sanctions should be awarded in a sum that

24 is commensurate with the numerous and persistent violations. In addition, Midland

25 should be precluded from any further contact with debtor and to provide debtor and the

26 court with a declaration within thirty days of the order advising that all negative

27

28

1  information has been deleted from each of the three credit reporting agencies and that no

2  future reports will be made as to this discharged debt.

3  Dated: August 12, 2009                    Totaro & Shanahan

4

5                                            By:

6                                            Michael R. Totaro
                                             Attorneys for Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1.    I am an attorney at law, licensed to practice before this Court and all courts in the State of California. I am attorney of record for Debtor Jeffrey Rowlette and as such have personal knowledge of the following facts. If called to testify I would and could competently testify thereto.

2.    On January 9, 2007 I filed the Chapter 7 bankruptcy petition for Debtor in this case. I advised Debtor that the filing of the bankruptcy petition should stop all collection efforts by all of his creditors and he would be free of the harassing calls he had been receiving from creditors. Attached hereto as Exhibit 1 and incorporated herein by reference is a true and correct copy of the docket sheet for this case.

3.    I have reviewed the petition previously and again prior to filing this motion and note that Midland Credit Mgmt ("Midland"), at 5775 Roscoe Ct., San Diego, CA 92123 pertaining to a former account with "First North American National Account" in the amount of $2417.00 is listed on Schedule F as a creditor holding unsecured nonpriority claims in the petition and this address is listed as address on the master mailing list. True and correct copies of the pertinent pages of the petition, specifically the page of Schedule F listing Midland and the page of the creditor's master mailing list are attached hereto collectively as Exhibit "2" and incorporated herein by reference.

3.    Prior to filing I pulled a credit report for Debtor to make sure that all of his creditors were listed. One of the creditors listed was Midland Credit Management ("Midland"), the collection agency assigned to collect a debt for First North American National. The credit report listed the debt with Midland as $2417.00. Midland was listed as a creditor using the mailing address in existence on the date of filing. A true and correct copy of the pertinent pages of the credit report with irrelevant information redacted is attached hereto as Exhibit "3" and incorporated herein by reference.

1      4.      According to the court files and the certificate of service prepared and filed

2   by BAE Systems, Bankruptcy Noticing Center on January 12, 2007 Midland was served

3   with the First Meeting of Creditor Notices. A true and correct copy of the notice which I

4   downloaded from Pacer and docket no. 6 of the docket sheet in debtor's case is attached

5   hereto as Exhibit 4" and incorporated herein by reference.

6      5.      On February 15, 2007, I attended the 341 hearing with Debtor and no

7   creditor appeared.

8      6.      Shortly after filing I have received phone calls from Debtor regarding the

9   conduct of Midland and informing me that the phone calls had not stopped after the

10  bankruptcy was filed. I told Debtor to make sure he told the operators they were in

11  bankruptcy and to give them my name and the case number. I was told he did this right

12  from the beginning.

13     7.      I received a notice from the Court on or about April 22, 2007 of the

14  discharge of debtor's chapter 7 case on April 20, 2007. I reviewed the Certificate of

15  Service prepared by BAE Systems, Bankruptcy Noticing Center which I downloaded

16  from docket no. 13 of the docket report using debtor's case number on Pacer and note

17  that the Discharge Notice along with Explanation of Bankruptcy Discharge in a Chapter 7

18  Case were served on Midland on April 22, 2007. A true and correct copy of the

19  Discharge and information sent to Midland and other creditors is attached hereto as

20  Exhibit "5" and incorporated herein by reference.

21     8.      Since Debtor filed his petition, he has periodically contacted me to advise

22  that Midland was continuing to call and had placed numerous calls to Debtor and to

23  Patricia Montgomery, his girlfriend. I advised Debtor to remind them that he had filed

24  bankruptcy and the debt was discharged back in 2007 and if they had any questions they

25  should contact me. He acknowledged this and indicated he had done so. I had hoped that

26  this information would stop the calls.

27

28

9.    In the past couple of months Debtor again contacted me regarding the continued and numerous calls and letters from Midland and their refusal to stop calling when advised of the bankruptcy. I sensed in Debtor's voice considerable anxiety and he expressed how the inability to stop their harassment was causing he and his girlfriend ongoing stress.

10.    In light of the persistence of Midland over the course of over 2 years I determined the only way to stop the ongoing harassment was to file this motion for contempt sanctions. This is a very busy time for everyone in the bankruptcy field and it seems that creditors are aware of this and seem to be taking advantage of this to bother debtors in an effort to coerce them to make payments on debts that have been discharged because counsel is too busy to take the time to file a contempt motion. It seems that the only way to stop this type of action by creditors such as Midland who do not follow the law is to file a contempt action and seek sanctions. I had hoped debtor could stop the calls by advising of the bankruptcy and avoid taking my time to file this action but this seems to be the only option.

11.    In light of my experience working in the bankruptcy field have learned that certain collection agencies are known to engage is this type off harassment and often individuals post information on the internet about such companies. I then ran an internet search under google.com for Midland and came up with several sites that specifically detail the conduct of Midland in harassing customers throughout the country. One site RipOffReport.com indicates there are 252 reports listed against Midland. In reviewing these reports it is clear that debtor was just one of many subjected to harassment in collecting an uncollectable debt by Midland. A printout of the first 75 reports on this site and consisting of 15 pages is attached hereto and incorporated herein by reference as Exhibit "6". In reviewing the entries on the site it appears that Midland has a pattern and practice of engaging in harassing practices in attempting to collect on debts. This is more

1  egregious as in this case Debtor has taken the step of filing bankruptcy to take care of his

2  financial situation and attempt to start over.

3      12.    As damages it would be appropriate to ask for $1000.00 per violation.

4  However, here Debtors only seek $500.00 per violation, attorney's fees and an order

5  requiring declarations showing all negative information after January 9, 2007, has been

6  removed from each of the credit bureaus.

7      10.    I have spent 5.0 hours preparing this request including talking to my client,

8  reviewing information in the petition, research and preparing the request and

9  declarations. In addition my office is 82 miles from this Court so it will take me about 4

10  hours to drive there and back and about 1 hour for waiting and this hearing. The total

11  time spent will thus be approximately 10 hours. I also have to file a motion to reopen the

12  case so that this motion could be filed. Preparation of that motion took an additional 2

13  hours.

14      11.    I have been in practice since 1981. My billing rate is $350.00 an hour.

15  Therefore the total attorney fees claimed will be $4200.00.

16      I declare under penalty of perjury that the foregoing is true and correct. Executed

17  on August 12, 2009 at Los Angeles, California.

18

19

20                                         Michael R. Totaro

21

22

23

24

25

26

27

28
                                13

# DECLARATION OF JEFFREY L. ROWLETTE

I, Jeffrey Rowlette declare:

1.     I am the debtor in case #6:07-bk-10135-DN which was filed on now pending before this court. As such I have personal knowledge of the following and if called to testify I could and would competently testify thereto.

2.     There were several events that resulted in my financial distress. In 2004 my girlfriend of several years and I decided to live together, so I moved to a bigger house in order to provide room for her and her two children, ages 14 and 16 at the time. As we both had good incomes and would be sharing the expenses, we were able to afford this higher cost. Between the house related expenses and the costs related to the children, we each also assumed more credit card debt than we otherwise would have, but we knew we could ultimately pay it off.

3.     At the beginning of 2005, my girlfriend and her children moved out. I was left with this higher rent to pay on a lease that wasn't up until 2009. I also had much higher credit card debt than before as a result of this relationship.

4      At the same time, work slowed down and my income decreased. This was a very stressful situation. When I realized how bad things were, I tried to find solutions. I wanted to pay off the debt. I felt I had run out of options, and so I went to a debt consolidation company. They took $480.00 each month to pay down my credit cards.

5.     After paying the first month on the debt consolidation they stopped paying these bills for 6 months, from November 2005 through April 2006. They told me if any creditors called me, I shouldn't talk to them, but should give the creditors their number. As a result I didn't know they were not paying the bills for me as agreed although I still paid the company $480.00 per month.

6.     When I found out that they were taking my money but not paying my, I didn't know who to trust. That is when I looked into bankruptcy. After many months of weighing my options and trying to find a resolution, I finally decided that the only option

1   left to me was to file, which I did in January of 2007. I felt embarrassed because I thought
2   I should have known better than to get into this situation.

3       7.    My bills had been sent to the debt consolidation company so to determine
4   who and what was owed I went over my credit report and list of creditors with my
5   attorney, so we could be certain everyone was listed. Midland took over from First North
6   American National and was one of the creditors the consolidation company was supposed
7   to be paying. They had been calling me consistently, so I was careful to make certain they
8   were listed in the petition and I know my attorney took their address from the credit
9   report.

10      8.    I understood that once the bankruptcy was filed, the creditors were notified
11  and they were supposed to stop contacting me. Midland continued to call and send letters
12  to me. I have advised them of the bankruptcy and given them my attorney's name.

13      9.    Somehow they got my cell phone number and my number at my new place
14  of work. For over the last 2 years they have continued to call me at home, at work and on
15  my cell phone at all hours of the day and night. They don't leave messages on the
16  answering machine. Their phone number is blocked, so I can't identify when it is them
17  through caller ID but they are the only creditor who calls.

18      10.   The phone calls come in clusters: there may be nothing for a few weeks,
19  and then there may be 2-3 in a week. A very conservative estimate would be between 50
20  and 60 calls since January of 2007.

21      11.   In addition to the repeated phone calls, I continue to receive statements
22  from Midland requesting payment. These statements are from Midland Credit
23  Management or MCM but list the current creditor as Midland Funding, LLC. The amount
24  owed when I filed the bankruptcy was $2417 and they now claim that it is $3,390.84.
25  Although I have not kept all of the statements, I am attaching true and correct copies of
26  the two I have at hand collectively as Exhibit "6" which are incorporated herein by

27

28

1  reference. I receive at least 3-4 statements per year, so a total of about 10 since the

2  bankruptcy was filed.

3       12.    I now have a new girlfriend and her daughter lives with us, so I can't ignore

4  any blocked calls because it may be the girl's father. There are also other legitimate calls

5  that come through with blocked numbers both at work and at home, so I never know

6  whether it is them until I answer the phone.

7       13.    The repeated and persistent phone calls continue to stress me out. I have

8  explained that this was handled through the bankruptcy, but they say it doesn't matter, I

9  still owe them the money. They have threatened to garnish my wages and to ruin my

10 credit all over again. I am in continual fear because of these calls. At work, I am afraid to

11 answer a call if someone is in my office in case it is them. I am afraid they will start

12 calling my boss or send a letter to him. I feel scared like I am going to lose everything

13 again. I am afraid I will never be able to buy a house because of them. My stomach

14 churns and I am all riled up because it just never ends. I feel like I can never really relax

15 or have any peace because they haunt me wherever I am. At home, sometimes my

16 girlfriend answers the phone and they harass her and she gets upset as well.

17      14.    When I retained my attorney, he gave me a document called Guide to a

18 Fresh Start he had prepared. It seemed that it was exactly what I needed. Now after all

19 this time I wonder will there ever be a time when I can put all this behind me and start a

20 new chapter of my life?

21      15.    Midland has screwed up my credit. I have been unable to refinance my car

22 because it has affected my credit rating. I wanted to buy a house this summer, but can't

23 get credit again because of their actions.

24      16.    I have recently checked my credit and obtained a credit report from

25 Experian. I discovered in reviewing the report that although most of the creditors

26 correctly indicated that their debt was included in my bankruptcy, Midland did not do

27 this. Instead the listing from Midland indicates "no status as of April 2007" which

28

1   actually was when the bankruptcy was discharged and simply states that the account is in

2   dispute. A true and correct copy of the relevant portions of the Experian credit report

3   dated May 19, 2009 is attached hereto as Exhibit "7" and incorporated herein by

4   reference. The portions of the credit report includes the first 2 pages which show my

5   name and the public record of the bankruptcy with everything else on page 2 redacted;

6   pages 6 and 7 showing only the information from Midland with everything else redacted.

7       17.     Here it is August in 2009 over 2 and a half years after the bankruptcy and I

8   continue to get calls. I have had another barrage of calls, 4-5 per day in June. We no

9   longer answer the phone unless we can tell who is calling because it stresses us out too

10   much. I am completely freaked out. They have sent another letter in May, 2009 saying I

11   told them I was going to file but they have been unable to verify the bankruptcy. My

12   attorney has told me they should be able to verify the bankruptcy very easily and they

13   have been repeatedly given this information.

14       I declare under penalty of perjury that the foregoing is true and correct. Executed

15   August $31$, 2009 in Chino, California.

Jeffrey L. Rowlette

17

# DECLARATION OF PATRICIA MONTGOMERY

I, Patricia Montgomery, declare:

1.    I have been Jeffrey Rowlette's girlfriend for four years. We have been living together for over a year. We get calls from Midland Credit Management ("Midland") constantly demanding payment. Jeff explained to me that he had declared bankruptcy in 2007 and that they were included and their debt was discharged.

2.    The father of my six year old daughter calls often from an unknown number and Jeff's work number shows up as unknown, so I don't know who is calling. If I didn't have to answer the phone, I wouldn't so I could avoid the harassing calls.

3.    The creditors often call around 8P.M, which is my daughter's bed time and ask a lot of questions I don't know the answers to, so it disrupts my time with her. It is very upsetting having to answer these calls.

4.    I often don't answer, but then will find out later it was not them but someone who needed to reach me.

5.    When I do answer the phone sometimes if I say he is not here they hang up, but sometimes they hound me for answers. They say the bill needs to be paid and they need his work phone number. They won't let up and say "When will he be home? When can I reach him?" They even call on Sundays, so there is no break from it.

6.    This is stressful because I don't know who is on the phone, so I reach the point where I am just afraid to answer my own phone. And I am afraid of missing important calls I should have received because I didn't answer thinking it might be Midland.

7    Sometimes Midland calls a couple of times each day -morning, evening, afternoon, dinnertime – you never know –and then they will skip several days. I know they calls at least 2 times a week, maybe more. I only know when I answer the phone, not necessarily when Jeff does.

1      I declare under penalty of perjury that the foregoing is true and correct. Executed

2  August 31, 2009 in Chino, California.

3

4  Patricia Montgomery

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

EXHIBIT 1

20

**CLOSED**

# U.S. Bankruptcy Court
## Central District Of California (Riverside)
### Bankruptcy Petition #: 6:07-bk-10135-DN

*Date filed:*  01/09/2007
*Date terminated:*  04/24/2007
*Date discharged:*  04/20/2007

*Assigned to:* David N. Naugle
Chapter 7
Voluntary
No asset

*Debtor*                                  represented by  **Michael R Totaro**
**Jeffrey L Rowlette**                                    Totaro & Shanahan
13102 Cypress Ave.                                        POB 789
Chino, CA 91710                                           Pacific Palisades, CA 90272
SSN / ITIN: xxx-xx-3185                                   310-573-0276
*aka*                                                     Fax : 310-496-1260
**Jeffrey Lee Rowlette**                                  Email: mtotaro@aol.com

*Trustee*
**Robert L Goodrich**
22365 Barton Rd. Suite 220
Grand Terrace, CA 92313
(909) 423-0700

*U.S. Trustee*
**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501

| Filing Date | # | Docket Text |
|---|---|---|
| 01/09/2007 | 1 | Chapter 7 Voluntary Petition . Fee Amount S299 Filed by Jeffrey L Rowlette (Totaro, Michael) (Entered: 01/09/2007) |
| 01/09/2007 |  | Receipt of Voluntary Petition (Chapter 7)(6:07-bk-10135) [misc,volp7] ( 299.00) Filing Fee. Receipt number 2196712. Fee amount 299.00. (U.S. Treasury) (Entered: 01/09/2007) |
| 01/09/2007 | 2 | Exhibit D Filed by Debtor Jeffrey L Rowlette. (Totaro, Michael) (Entered: 01/09/2007) |
| 01/09/2007 | 3 | Certificate of Credit Counseling Filed by Debtor Jeffrey L Rowlette. (Totaro, Michael) (Entered: 01/09/2007) |
|  |  | First Meeting of Creditors with 341(a) meeting to be held on |

Sep 02 09 01:31a    xxxxxxx                                      310 712 6317              p.22

CM/ECF - U.S. Bankruptcy Court    Case 6:07-bk-10135-PC    Doc 17    Filed 09/02/09    Entered 09/02/09 16:43:10    Desc
Main Document       Page 23 of 34
Page 2 of 3

| | | |
|---|---|---|
| 01/09/2007 | 5 | 02/15/2007 at 09:00 AM at RM 100B, 3420 Twelfth St., Riverside, CA 92501. Objections for Discharge due by 04/16/2007. (Totaro, Michael) (Entered: 01/09/2007) |
| 01/10/2007 | 4 | Notice of Requirement to Complete Course in Financial Management (BNC) . (Zamora, Ed) (Entered: 01/10/2007) |
| 01/12/2007 | 6 | BNC Certificate of Mailing. (RE: related document(s) 5 Meeting (Chapter 7)) No. of Notices: 11. Service Date 01/12/2007. (Admin.) (Entered: 01/12/2007) |
| 01/12/2007 | 7 | BNC Certificate of Mailing. (RE: related document(s) 4 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 15. Service Date 01/12/2007. (Admin.) (Entered: 01/12/2007) |
| 01/22/2007 | 8 | Financial Management Course Certificate Filed Filed by Debtor Jeffrey L Rowlette. (Totaro, Michael) (Entered: 01/22/2007) |
| 02/16/2007 | 9 | Meeting of Creditors Held and Concluded on 02/15/07. Trustee's Report of No Assets: Trustee of this estate reports and declares under penalty of perjury that the section 341a Meeting of Creditors has been held and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. The trustee received no funds or property of the estate and paid no monies on account of the estate. Wherefore, the trustee prays that this report be approved and the trustee be discharged from office. Notes: (Goodrich, Robert) (Entered: 02/16/2007) |
| 03/02/2007 | 10 | Request for special notice *and Proof of Service* Filed by Creditor DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC. (Goodrich, David) (Entered: 03/02/2007) |
| 03/22/2007 | 11 | Reaffirmation Agreement Between Debtor and DaimlerChrysler Financial Services Americas LLC Filed by Creditor DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC. (Kim, John) (Entered: 03/22/2007) |
| 04/20/2007 | 12 | DISCHARGE OF DEBTOR (BNC) (RE: related document(s) 5 , Meeting (Chapter 7)) (Hallock, Valerie) (Entered: 04/20/2007) |
| 04/22/2007 | 13 | BNC Certificate of Mailing. (RE: related document(s) 12 , DISCHARGE OF DEBTOR - Chapter 7 (BNC)) No. of Notices: 14. Service Date 04/22/2007. (Admin.) (Entered: 04/22/2007) |

ex/
22

Sep 02 09 01:31a          xxxxxxx                          310 712 6317          p.23

Case 6:07-bk-10135-PC    Doc 17    Filed 09/02/09    Entered 09/02/09 16:43:10    Desc
CM/ECF - U.S. Bankruptcy Court (v3.3.1 - LIVE)    Main Document    Page 24 of 34
Page 3 of 3

| 04/24/2007 | 14 | Bankruptcy Case Closed - DISCHARGE (Hallock, Valerie) (Entered: 04/24/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/25/2009 23:38:16 | | |
| **PACER Login:** | ts0528 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:07-bk-10135-DN Fil or Ent: filed From: 1/1/2007 To: 6/25/2009 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

*Ex1*
*23*

EXHIBIT 2

24

Form B1 (Official Form 1) - (Rev. 10/06)                                                   2006 USBC, Central District of California

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Rowlette, Jeffrey L** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Jeffrey Lee Rowlette** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one,<br>state all):<br>**3185** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one,<br>state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**13102 Cypress Ave.**<br>**Chino, CA**<br>ZIP CODE     **91710** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**San Bernardino** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br> | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (if debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for<br>☐ Chapter 9    ☐ Chapter 12         Recognition of a Foreign<br>           ☐ Chapter 13         Main Proceeding<br>                          ☐ Chapter 15 Petition for<br>                               Recognition of a Foreign<br>                               Nonmain Proceeding |
|  | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer    ☐ Debts are primarily<br>debts, defined in 11 U.S.C.         business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2 million.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative<br>expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☑ $10,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ☐ $1,000,001 to<br>$100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☑ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ☐ $1,000,001 to<br>$100 million | ☐ More than $100 million |
|---|---|---|---|---|



Form B1 (Official Form 1) - (Rev. 10/06)                                          2006 USBC, Central District of California

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Jeffrey L Rowlette** | FORM B1, Page 2 |
|---|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:     **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  **/s/ Michael R. Totaro**                      **1/9/2007**<br>     Signature of Attorney for Debtor(s)            Date<br>     **Michael R. Totaro**                             **102229** |

| Exhibit C | Exhibit D |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐    Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑    No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☑    Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue<br>(Check any applicable box) |
|---|
| ☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Statement by a Debtor Who Resides as a Tenant of Residential Property<br>*Check all applicable boxes.* |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |



Form B1 (Official Form 1) - (Rev. 10/06)                                    2006 USBC, Central District of California

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Jeffrey L Rowlette** | **FORM B1**, Page 3 |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐  I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached. <br><br> ☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X  **/s/ Jeffrey L Rowlette** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Signature of Debtor     **Jeffrey L Rowlette** | X  **Not Applicable** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> (Signature of Foreign Representative) |
| X  **Not Applicable** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Signature of Joint Debtor | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Telephone Number (if not represented by attorney) | ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> (Printed Name of Foreign Representative) |
| **1/9/2007** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Date | ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Date |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X  **/s/ Michael R. Totaro** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Signature of Attorney for Debtor(s) <br><br> **Michael R. Totaro, 102229** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Printed Name of Attorney for Debtor(s) / Bar No. <br><br> **Totaro & Shanahan** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Firm Name <br><br> **P.O. Box 789  Pacific Palisades, CA 90272** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Address | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. <br><br> **Not Applicable** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer |
| **310 573 0276**                      **310 496 1260** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Telephone Number | ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.) |
| **1/9/2007**                          **102229** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Date                              Bar Number | |
| **Signature of Debtor (Corporation/Partnership)** | ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Address |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | X  **Not Applicable** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Date |
| X  **Not Applicable** <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Signature of Authorized Individual | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Printed Name of Authorized Individual | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Title of Authorized Individual | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ <br> Date | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.* |

Ex 2
27

Form B6F (Official Form 6F) - (Rev. 10/06)                                    2006 USBC, Central District of California

| In re | Jeffrey L Rowlette | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.  1521, 6185 <br> HSBC <br> Bankruptcy Dept. <br> P.O. Box 5213 <br> Carol Stream, IL 60197 <br><br> Thornton Capital Advisors <br> 9710 Scranton Rd Ste 160 <br><br> San Diego, CA 92121 | | | May 2006 <br><br> 2 Accounts: Charges to February 2005 and May 2006 | | | | 377.00 |
| Last four digits of ACCOUNT NO.  9983 <br> Midland Credit Mgmt. <br> 5775 Roscoe Ct. <br> San Diego, CA 92123 | | | Marcy 2005 <br><br> Former First North American National Account. | | | | 2,417.00 |
| Last four digits of ACCOUNT NO.  2003 <br> Trojan Professional <br> 4410 Cerritos Ave. <br> Los Alamitos, CA 90720 | | | June 2005 <br><br> Medical Bill | | | | 287.00 |

Sheet no. 1 of 1 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | Subtotal ► | $ | 3,081.00 |
|---|---|---|---|
| | Total ► | $ | 33,428.00 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)



Verification of Creditor Mailing List - (Rev. 10/05)                  2003 USBC, Central District of California

## MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        **Michael R. Totaro**
Address     **Totaro & Shanahan**
            **P.O. Box 789**
            **Pacific Palisades, CA 90272**
Telephone   **310 573 0276**

☒   Attorney for Debtor(s)
☐   Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Jeffrey L Rowlette**<br>**Jeffrey Lee Rowlette** | Case No.: |
| | Chapter:            **7** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the
attached Master Mailing List of creditors, consisting of _____**3**_____ sheet(s) is complete, correct , and consistent
with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:   **1/9/2007**                              **/s/ Jeffrey L Rowlette**
                                                  Jeffrey L Rowlette,Debtor

**/s/ Michael R. Totaro**
Michael R. Totaro, Attorney *(if applicable)*

EX 2
29

Jeffrey L Rowlette
13102 Cypress Ave.
Chino, CA 91710

Michael R. Totaro
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272

Office of the United States Trustee
3685 Main St. #3300
Riverside, CA 92501

Arrow Financial
5996 W. Touhy Ave.
Niles, IL 60714

Bank of America
Bankruptcy Dept.
4161 Piedmont Parkway
Greensboro, NC 27410

California Center Credit Union
5710 Mineral Point
Madison, WE 53705

Chrysler Financial
P.O. Box 9223
Farmington Hills, MN 48333

GDYR/CBUSA
P.O. Box 5003
Sioux Falls, SD 57117

GEMoney Bank
Attn. Bankruptcy Dept.
P.O. Box 960061
Orlando, FL 32809

HSBC
Bankruptcy Dept.
P.O. Box 5213
Carol Stream, IL 60197

James E. Burbott, II
924 Overland Court
San Dimas, CA 91773

Midland Credit Mgmt.
5775 Roscoe Ct.
San Diego, CA 92123

Ex 2
31

Thornton Capital Advisors
9710 Scranton Rd Ste 160
San Diego, CA 92121

Trojan Professional
4410 Cerritos Ave.
Los Alamitos, CA 90720

Ex 2
32

Arrow Financial
5996 W. Touhy Ave.
Niles, IL 60714

Bank of America
Bankruptcy Dept.
4161 Piedmont Parkway
Greensboro, NC 27410

California Center Credit Union
5710 Mineral Point
Madison, WE 53705

Chrysler Financial
P.O. Box 9223
Farmington Hills, MN 48333

GDYR/CBUSA
P.O. Box 5003
Sioux Falls, SD 57117

GEMoney Bank
Attn. Bankruptcy Dept.
P.O. Box 960061
Orlando, FL 32809

HSBC
Bankruptcy Dept.
P.O. Box 5213
Carol Stream, IL 60197

James E. Burbott, II
924 Overland Court
San Dimas, CA 91773

Midland Credit Mgmt.
5775 Roscoe Ct.
San Diego, CA 92123